**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
————————————————————————————————

**JAMES W. MCCULLEY,**

                                **Plaintiff,**

                                                                        **05-CV-00811**

                **- against -**

**N.Y.S. DEPARTMENT OF ENVIRONMENTAL**                    **(LEK/DRH)**
**CONSERVATION et. al.,**

                                **Defendants.**

————————————————————————————————


**DEFENDANTS' PRE-HEARING MEMORANDUM OF LAW**


                                        ELIOT SPITZER
                                        Attorney General of the  State of New York
                                        Attorney for Defendants
                                        The Capitol
                                        Albany, New York 12224


David A. Munro
Assistant Attorney General

                of Counsel

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Facts/Prior Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Scope of the Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT

PLAINTIFF CANNOT ESTABLISH THAT DEC'S ENFORCEMENT PROCEEDING
CONSTITUTES BAD FAITH, OR THAT THERE ARE OTHER  EXTRAORDINARY
CIRCUMSTANCES WARRANTING INTERVENTION BY THIS COURT . . . . . . . . . . . . . . 7

1.  Plaintiff Cannot Establish that Defendants Have Acted in Bad Faith  . . . . . . . . . . . . . . . . . . 9

    A.  Harassment or Retaliation  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B.  Reasonable Expectation of Obtaining a Favorable Outcome . . . . . . . . . . . . . . . . . . . 10

    C.  Personal Animus or Bias  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

2.  There are no Extraordinary Circumstances Warranting Intervention by This Court  . . . . . . . 12

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

Page

**Cases**

Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cullen v. Fliegner, 18 F.3d 96, 104 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10, 11,12

Diamond "D" Constr. Corp. v. McGowan,
 282 F.3d 191, 198 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Gibson v. Berryhill, 411 U.S. 564, 577 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Helms v Reid, 90 Misc. 2d 583, 604 (Sup. Ct. Hamilton Co. 1977) . . . . . . . . . . . . . . . . . . . . . 14

Kern v. Clark, 2004 WL 941418 (W.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-9, 11-12

Kern v. Clark, 331 F.3d 9 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Kirschner v. Klemons, 225 F.3d 227 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8n6

Kugler v. Helfant, 421 U.S. 117, 124 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

Moore v. Sims, 442 U.S. 415, 433 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

People v McCulley, 7 Misc. 3d 1004A  (Essex County Court, 2005) . . . . . . . . . . . . . . . . . . . . . 3

Railroad Commission of Texas v. Pullman Co.,
 312 U.S. 496 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

Schlager v. Phillips, 166 F.3d 439 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 8n.7,10, 11,12

Sica v. Connecticut, 331 F. Supp. 2d 82, 85
 (D. Conn. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Spargo v. N.Y. State Comm'n on Judicial
 Conduct, 351 F.3d 65, 75 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Trainor v. Hernandez, 431 U.S. 434, 441-42 & n.7 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Younger v. Harris, 401 U.S 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

i

## <u>TABLE OF AUTHORITIES</u> (cont'd)

<u>Page</u>

**<u>Federal Statutes</u>**

42 U.S.C.§ 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**<u>New York State Constitution</u>**

Article XIV ("Forever Wild" provision) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**<u>New York Statutes</u>**

CPLR Article 78 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Criminal Procedure Law §450.90(2)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Highway Law § 212 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**<u>New York Rules and Regulations</u>**

6 N.Y.C.R.R. § 196.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6 N.Y.C.R.R. § 196.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**<u>Miscellaneous</u>**

<u>McKinney's Practice Commentaries</u>, Criminal Procedure Law § 450.90(2)(a) . . . . . . . . . . . . . 4

17 C. Wright, C. Miller, & E. Cooper, <u>Federal Practice and Procedure</u> § 4255 . . . . . . . . . . . 8-9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES W. MCCULLEY,

                                  Plaintiff,
                                                                    05-CV-00811
                    - against -

N.Y.S. DEPARTMENT OF ENVIRONMENTAL                  (LEK/DRH)
CONSERVATION et. al.,

                                  Defendants.
_____


## DEFENDANTS' PRE-HEARING MEMORANDUM OF LAW

### Preliminary Statement

Defendants submit this memorandum of law with regard to a hearing scheduled to commence before Magistrate Judge David R. Homer on February 2, 2006.  At that time Judge Homer will hear evidence pertaining to Plaintiff's claim that Defendants' determination to commence an administrative enforcement proceeding against him constituted "bad faith" and that other "exceptional circumstances" exist, thereby warranting intervention by this Court in the state proceeding.  Defendants submit that the evidence at the hearing will not establish either of these exceptions to the abstention doctrine.  Instead, the evidence will show that Defendants' commencement of an administrative enforcement proceeding against Plaintiff involves nothing more than a straightforward, good faith determination by state officials to enforce the laws and regulations of New York.

The underlying dispute between the parties involves whether members of the public -- including Plaintiff -- are legally entitled to use motorized vehicles on a trail in Essex County

known as the Jackrabbit Trail ("Trail") (referred to by Plaintiff as the "Old Mountain Road"). Plaintiff asserts that he has such right, and he drove a pickup truck on the Trail on May 21, 2005 after giving New York State Department of Environmental Conservation ("DEC") staff prior notice of his intent to do so.  DEC submits that the Trail, a now-abandoned former road, is located on state land designated as "wilderness" within the Adirondack Forest Preserve, on which the public use of motor vehicles is prohibited.  DEC staff initiated an administrative enforcement proceeding against Plaintiff in June 2005 to enforce regulations implementing this prohibition.

Plaintiff claims in this action that DEC's determination to enforce against him is without legal basis, and driven by a vindictive motive to punish Plaintiff for speaking out against DEC's position, thereby violating Plaintiff's federal and state constitutional rights.  Defendants moved to dismiss, asserting that under the Younger and Pullman abstention doctrines, the Court should abstain from exercising jurisdiction in order to permit DEC's pending administrative enforcement proceeding against Plaintiff to proceed, thereby potentially avoiding unwarranted and unnecessary determinations by this Court of Plaintiff's constitutional claims.[1]

In an Order dated November 10, 2005, Judge Lawrence Kahn found that it would be appropriate to hold an evidentiary hearing to address the "bad faith" and other exceptions to the abstention doctrine alleged by Plaintiff, and directed Magistrate Judge David R. Homer to hold such a hearing.

---

[1]See Defendants' September 2, 2005 memorandum of law ("Def. MOL") and September 30, 2005 reply memorandum of law ("Def. Reply MOL").

2

For the reasons stated herein, there is no basis for this Court to intervene in the pending state proceeding.

**Facts/Prior Proceedings**

In March 2003 Plaintiff was ticketed after he drove a snowmobile on the Trail and then contacted DEC Forest Ranger Joseph LaPierre to report his conduct and request that he be issued a ticket.  The People charged Plaintiff with operating a snowmobile on state land within the Adirondack Forest Preserve which was not designated a "snowmobile trail," in violation of 6 N.Y.C.R.R. § 196.2.   In August 2003 Plaintiff was convicted of violating 6 NYCRR § 196.2 in Town of Keene Court following a bench trial.

Upon Plaintiff's appeal, Essex County Court Judge Andrew Halloran reversed the conviction "on the law, on the facts, and in the interest of justice," determining that the evidence presented at trial was not sufficient to prove defendant guilty beyond a reasonable doubt of violating DEC's regulation.  7 Misc. 3d 1004A (3/23/05).  Essex County Court further opined that: (1) the Trail is a public highway that is still used by the public, and the State did not establish that it has been abandoned by nonuse, (2) the regulations being enforced by the State are ultra vires if interpreted to prevent the use of snowmobiles on public highways such as the Trail,  and (3) only a closure order issued by DEC pursuant to New York Highway Law § 212 can extinguish the public easement (although Essex County Court also suggested without deciding that Highway Law § 212 may also be unconstitutional under the "Forever Wild"

3

provision in the State Constitution, adopted by the State's voters in 1894, which Plaintiff claimed

prohibits the State from <u>ever</u> closing <u>any</u> road in existence at that time).[2]

On May 21, 2005 Plaintiff informed DEC Forest Ranger Joseph LaPierre that he intended

to drive a motor vehicle on the Trail the following day.  On May 22, 2005 Plaintiff drove his

pickup truck on the Trail in the presence of LaPierre.  DEC initially issued a criminal ticket to

Plaintiff in town court, but then withdrew it.  On June 14, 2005, DEC staff initiated an

administrative enforcement proceeding against Plaintiff by serving a complaint on him.  The

complaint alleged that Plaintiff violated 6 NYCRR § 196.1 due to his operation of a motor

vehicle on the Trail, and that none of the exceptions in the regulation applied.

On June 29, 2005 Plaintiff filed this action pursuant to 42 U.S.C. § 1983, seeking money

damages and an injunction (1) restraining DEC from moving forward in its administrative

enforcement proceeding, (2) directing Defendants to refrain from denying or interfering with

Plaintiff's exercise of various constitutional rights, and (3) prohibiting DEC from preventing

Plaintiff's unrestricted use of motor vehicles on the Trail.

Defendants moved to dismiss Plaintiff's action, contending abstention was mandatory

under <u>Younger v. Harris</u>, 401 U.S 37 (1971), because (1) there is a pending state proceeding, i.e.

DEC's administrative enforcement proceeding, (2) that implicates an important state interest-

---

[2]The State concluded that it could not appeal the decision of Essex County Court.  An appeal from a county court criminal ruling is to the New York Court of Appeals.  Notably, apart from death penalty cases, that court's scope of review from a county court criminal ruling is limited by the State Constitution to review of questions of law.  Thus, the Court of Appeals cannot hear reviews from lower court reversals or modifications based upon the exercise of discretion in the "interest of justice."  See New York Criminal Procedure Law §450.90(2)(a), <u>McKinney's Practice Commentaries</u> and cases cited therein.  Since Judge Halloran's ruling was grounded in part in the "interest of justice," the State was precluded from appealing his ruling, despite believing it was factually and legally erroneous. See Def. MOL at 5.

restricting motor vehicle use on Adirondack Forest Preserve lands designated as "wilderness,"

and (3) DEC's enforcement proceeding, together with any review by appellate state courts,

affords Plaintiff an adequate opportunity for judicial review of his federal constitutional claims.

See Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003).[3]

Defendants also contended that the Court should abstain under Railroad Commission of Texas v.

Pullman Co., 312 U.S. 496 (1941), which warrants abstention when difficult and unsettled

questions of state law must be resolved before a substantial federal constitutional question can be

decided.[4]  By abstaining in such cases, federal courts avoid both unnecessary adjudication of

federal questions and needless friction with state policies.

       In his November 10, 2005 Order, Judge Lawrence Kahn found that it would be

appropriate to hold an evidentiary hearing to address "bad faith and other exceptions to

abstention," and he directed Magistrate Judge Homer to hold an evidentiary hearing and then

issue a Report-Recommendation "concerning the Younger and Pullman abstention doctrines, and

any exceptions thereto."

---

       [3]An ability to raise constitutional claims in subsequent state-court judicial review of an
underlying administrative proceeding is sufficient to provide a federal plaintiff with a meaningful
opportunity to seek effective relief through state proceedings, and thereby bar federal courts from
taking jurisdiction over the same claims while the state proceeding is pending. Spargo, 351 F.3d
at 79. See Def. MOL at 20-22 and Def. Reply MOL at 5-9.

       [4]Although there are a number of appellate court decisions addressing circumstances under
which a public highway is abandoned by virtue of nonuse, see Def. MOL at 14-17, none of those
decisions involved a former public highway passing through Adirondack Forest Preserve lands
designated as wilderness.

_____An Order issued by Magistrate Judge Homer on December 9, 2005 permitted the parties to file and serve a hearing memorandum by January 27, 2005 "addressing legal issues expected to arise at the hearing."  This constitutes Defendants' memorandum.

## Scope of the Hearing

_____As previously noted, in accordance with Judge Kahn's Order, the hearing before Magistrate Judge Homer will involve testimonial and other evidence regarding "bad faith and other exceptions to abstention."   For a plaintiff to establish the "bad faith" exception, he must prove, inter alia, that "the party bringing the state action must have no reasonable expectation of obtaining a favorable outcome." Cullen v. Fliegner, 18 F.3d 96, 104 (2d Cir. 1994).   The underlying issues in DEC's enforcement proceeding -- e.g. whether Plaintiff (or anyone) is legally entitled to use motorized vehicles on the Trail -- **are not to be resolved** in this hearing. Rather, what matters is whether DEC's claims have a colorable likelihood of success, and whether the enforcement process "is legitimate in its purposes. " Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 199 (2d Cir. 2002).

The limited scope of such a "bad faith" hearing was explained by the district court in Kern v. Clark, 2004 WL 941418 (W.D.N.Y.) (attached hereto).  In that case, the Second Circuit had reversed the district court's initial determination to abstain, and directed the district court to "conduct an evidentiary hearing on the issue of whether the 'bad faith' exception to the rule of Younger abstention applies," 331 F.3d 9, 13 (2d Cir. 2003).  In its post-hearing decision, the district court explained the proper scope of the hearing that had been conducted by the magistrate judge:

6

> ...it is important to note that the issue currently before this Court is *not* whether Plaintiff is guilty of the conduct alleged in the [pending state criminal prosecution].  Further, the issue before this Court is not whether the [state] prosecution. . . infringes upon Plaintiff's right to free speech.  Rather, the question presented by Defendants' [abstention] motion is whether Plaintiff's constitutional claim should be decided by a federal court or a state court.  As noted above, because of the ongoing state proceeding, there is a strong presumption that Plaintiff's claim should be decided in the state court.  Plaintiff bears the burden of establishing that the state court does not provide an adequate forum for resolution of his claim and vindication of his rights.  (emphasis in original)[5]

## ARGUMENT

### PLAINTIFF CANNOT ESTABLISH THAT DEC'S ENFORCEMENT PROCEEDING CONSTITUTES BAD FAITH, OR THAT THERE ARE OTHER  EXTRAORDINARY CIRCUMSTANCES WARRANTING INTERVENTION BY THIS COURT

Under the Younger abstention doctrine, federal courts are generally required "to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."  Diamond "D", 282 F.3d at 198.   The Younger abstention doctrine embodies "bedrock principles of federalism."  Id. at 193.  It is based upon "the notion that, in the ordinary course, 'a state proceeding provides an adequate forum for the vindication of federal constitutional rights.'"  Id. (citation omitted).  As such, federal intervention in an ongoing state

---

[5]The district court in Kern found that the plaintiff had not met his burden, in that the underlying state court proceeding involved "nothing more than a straightforward enforcement of the laws of New York," and the case did not present an "unusual or extraordinary set of circumstances justifying federal intervention." 2004 WL 941418 at 9-10.

proceeding is an extraordinary remedy that is only justified in a narrow class of cases. The party

seeking to obtain that remedy bears the burden of establishing that intervention is warranted. Id.[6]

Abstention under Younger is generally required when the following three conditions are

met: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that

proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for

judicial review of the federal constitutional claims." Diamond "D", 282 F.3d at 198.

There are, however, certain instances in which the federal court may set aside the Younger

doctrine and intervene in an ongoing state proceeding.[7]

As the Second Circuit explained in Diamond "D", there are only two "tightly defined

exceptions to the Younger abstention doctrine." 282 F.3d at 197. They are the "bad faith" and

the "extraordinary circumstances" exceptions. As the Supreme Court has emphasized, these

exceptions provide only a "very narrow gate for federal intervention in pending state criminal

proceedings." Kugler v. Helfant, 421 U.S. 117, 124 (1975). "Indeed, since Younger, no decision

of the U.S. Supreme Court has found the bad faith or extraordinary circumstances exception

applicable." Sica v. Connecticut, 331 F. Supp. 2d 82, 85 (D. Conn. 2004), citing 17 C. Wright,

---

[6]Although Younger involved an ongoing state criminal proceeding, its abstention doctrine applies equally to state administrative proceedings such as that involving Plaintiff. Id.; see Kirschner v. Klemons, 225 F.3d 227 (2d Cir. 2000) (applying Younger to state disciplinary proceedings involving dentist).

[7]Whether the three-prong test under Younger has been satisfied is a question of law. See Diamond "D", 282 F.3d at 197-98 (". . . when Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter. . .'we must review de novo the essentially legal determination of whether the requirements for abstention have been met'", quoting from the Second Circuit's 1999 decision in Schlager v Phillips, 166 F.3d 439, 441). Hence, while the Magistrate Judge can make factual determinations as to whether exceptions to Younger have been proven by Plaintiff, Defendants respectfully suggest that testimony is not necessary with regard to the three-prong test itself.

C. Miller, & E. Cooper, <u>Federal Practice and Procedure</u> § 4255, at 254-59 (2d Ed. 1988).

Defendants address each of these exceptions below.

<u>        1.      Plaintiff Cannot Establish that Defendants Have Acted in Bad Faith</u>

The Second Circuit has explained the proof necessary to invoke the bad faith exception as

follows:

> For a federal plaintiff to invoke the bad faith exception, the party bringing the
> state action must have no reasonable expectation of obtaining a favorable
> outcome. . . Our most recent cases concerning the bad faith exception have further
> emphasized that the subjective motivation of the state authority in bringing the
> proceeding is critical to, if not determinative of, this inquiry. A state proceeding
> that is legitimate in its purposes, but unconstitutional in its execution - even when
> the violations of constitutional rights are egregious - will not warrant the
> application of the bad faith exception. To invoke this exception, the federal
> plaintiff must show that the state proceeding was initiated with and is animated by
> a retaliatory, harassing, or other illegitimate motive.

<u>Sica v. Connecticut</u>, 331 F. Supp. 2d at 85-86, quoting from <u>Diamond "D"</u>, 282 F.3d at 199.

In <u>Kern v. Clark</u>, <u>supra</u>, the district court addressed several components of the "bad faith"

exception: (1) harassment or retaliation, (2) reasonable  expectation of obtaining a favorable

outcome, and (3) personal *animus* or bias.  Defendants submit that none of these components

apply, and address each of them below.

### A.      Harassment or Retaliation

In cases addressing the bad faith exception, the Second Circuit has "emphasized that the

subjective motivation of the state authority in bringing the proceeding is critical to, if not

determinative of, this inquiry."  <u>Diamond "D"</u>, 282 F.3d at 199.  In other words, the plaintiff

must "show that the state proceeding was initiated with and is animated by a retaliatory,

harassing, or other illegitimate motive."  <u>Id.</u>

9

The evidence will show that DEC officials commenced an administrative enforcement proceeding against Plaintiff not "based upon a desire to harass, oppress or retaliate against him," Kern, 2004 WL 941418 at 4, but instead because they believed his act of driving a motor vehicle on the Trail violated State law.  Importantly, Plaintiff does not contest that he invited prosecution by twice requesting that DEC take such enforcement action against him- regarding operation of both a snowmobile and a pickup truck on the Trail.

                    B.     Reasonable Expectation of Obtaining a Favorable Outcome

The Second Circuit has held that "for a federal plaintiff to invoke the bad faith exception, "'the party bringing the state action must have no reasonable expectation of obtaining a favorable outcome.'"  Diamond "D", 282 F.3d at 199 (quoting Cullen, 18 F.3d at 103).  In the instant case, Defendants believe it is highly likely that they will prevail in their enforcement case against Plaintiff.

As explained in Defendants' prior memoranda of law, the issue of whether Plaintiff's "constitutional rights" have been violated is wholly dependent upon resolution of intertwined factual and legal issues, including whether: (1) he can legally operate motor vehicles on the Trail; (2) the Trail, a former road, has been abandoned as a public highway by nonuse; and (3) the Essex County Court criminal decision constitutes collateral estoppel, when DEC maintains it is wrongly decided.[8]

The Second Circuit's ruling in Schlager v. Phillips, 166 F.3d 439 (2d Cir. 1999), is instructive.  That court vacated an injunction issued by the lower court halting a criminal

_____

[8]See Def. MOL at 9-17 (Essex County Court was wrong), (17-19 (no collateral estoppel) and Reply MOL at 2-4.

10

proceeding that allegedly violated the defendant's First Amendment rights. The lower court had concluded that, although the prosecutor had no animus toward the defendant, the statute was facially unconstitutional, and thus any prosecution under it could only be in bad faith. The Second Circuit disagreed, concluding that the prosecution was not retaliatory or otherwise illegitimate in its motivation, constituted a valid enforcement of state law, and hence bad faith had not been established. The Second Circuit was particularly critical of the lower court's reliance on a single decision of the New York Appellate Division in determining that the criminal law in question was unconstitutional:

> The bad faith exception to Younger abstention might apply if, prior to Phillips' prosecution of Schlagler, the New York Court of Appeals or the United States Supreme Court had conclusively determined that section 240.30(1) was unconstitutional. In that event, no valid prosecution could be secured and no valid, good faith basis for the prosecution could exist. This is not the situation here because there has been no conclusive determination that section 240.30(1) is unconstitutional. . . . Because Schlagler has failed to show that the actions of Phillips constituted anything other than a straightforward enforcement of the laws of New York, his case does not fall within the bad faith exception as set forth in Cullen. It is well settled that "the district attorney alone, should decide when and in what manner to prosecute a suspected offender." Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988). In this case, Phillips, within his discretion as District Attorney, commenced criminal proceedings. (emphasis supplied)

Here, as in Schlager, there has been "no conclusive determination" that the state laws DEC seeks to enforce are invalid, or that the Trail is a public highway open to motor vehicles. Indeed, the opinion of Essex County Court held only that the people had not established their criminal case against Plaintiff beyond a reasonable doubt.

C.   Personal Animus or Bias

The bad faith exception "has [generally] been applied in cases that involved a history of personal conflict, in which the prosecution was motivated by personal *animus* or bias." Kern v.

Clark, 2004 WL 941418 at 5.  That court further explained as follows: "The Second Circuit has

held that the bad faith exception should not be applied in cases where there is no evidence to

suggest that the state court proceeding was motivated by bias or pursued on a 'strictly *ad*

*hominem'* basis," citing  Diamond "D", 282 F.3d at 200-201, and Schlagler, 166 F.3d at 442-44.

2004 WL 941418 at 5 (emphasis in original)

   For example, in Cullen v. Fliegner, supra, 18 F. 3d at 104, the Second Circuit affirmed

the district court's bad faith determination, holding that the district court's findings of  "past

history of personal conflict" between plaintiff teacher and defendant school board, as well as the

"strictly ad hominum" manner in which the school board had disciplined plaintiff, were sufficient

to establish that the school board disciplinary proceeding was retaliatory in nature and calculated

to chill his First Amendment right to criticize the school board.  Consequently, the Second

Circuit found that "because the State of New York cannot have a legitimate interest in the

disciplinary proceeding, permitting it to continue would not serve the purposes of the Younger

doctrine . . . ."  Cullen, supra, 18 F.3d at 104.

   In this case, the evidence will show that (1) Defendants have no "animus" towards

Plaintiff -- indeed, several of them have never met him, (2) moreover, as previously noted,

Plaintiff invited prosecution by giving DEC advance notice of his activities, and (3) Defendants

would seek to enforce New York's laws against anyone who used a motor vehicle on the Trail.

    2. There are no Extraordinary Circumstances Warranting Intervention by
      This  Court

   The Supreme Court has described the "extraordinary circumstances" exception in the

following terms:

>Only if "extraordinary circumstances" render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process. The very nature of "extraordinary circumstances," of course, makes it impossible to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings. But whatever else is required, such circumstances must be "extraordinary" in the sense of creating an <u>extraordinarily pressing need for immediate federal equitable relief</u>, not merely in the sense of presenting a highly unusual factual situation.

<u>Kugler</u>, 421 U.S. at 124-25 (emphasis supplied).  This same standard applies in the civil context.

<u>Diamond "D"</u>,  282 F.3d at 201, citing <u>Moore v. Sims</u>, 442 U.S. 415, 433 (1979).

In <u>Diamond "D"</u>, the Second Circuit noted that the Supreme Court has provided only two examples of circumstances that would meet the high standard implicit in the phrase "extraordinary circumstances."  "First, when a state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'"  282 F.3d at 201 (quoting <u>Younger v. Harris</u>, 401 U.S. 37) (internal quotations omitted). Second, "when the state administrative agency 'was incompetent by reason of bias to adjudicate issues pending before it.'"  282 F.3d at 201 (quoting <u>Gibson v. Berryhill</u>, 411 U.S. 564, 577 (1973)).

In the instant case, Plaintiff will not be able to make these showings.  First, the State statutes and regulations relied upon by DEC in its enforcement proceeding -- i.e. the State Land Master Plan, which prohibits the public use of motor vehicles in units of land classified as Wilderness (such as the Trail) and 6 N.Y.C.R.R. §196 -- are clearly constitutional.[9]  Second,

---

[9]The Master Plan, because it was approved by the Governor and thereafter by the Legislature in the enactment of the laws of 1973, ch. 348, has the force of a legislative

there is no evidence that DEC's administrative process is "incompetent by reason of bias to adjudicate" the proceeding DEC staff has commenced against Plaintiff or any defenses he may raise.  Of course, Plaintiff may challenge any adverse ruling by seeking judicial review under Article 78 of New York's Civil Practice Law and Rules.[10]

 Finally, there is absolutely no evidence that plaintiff will suffer "great and immediate" harm if the federal court does not intervene.  Trainor v. Hernandez, supra, 431 U.S. at 441-42 & n.7.  Indeed the evidence is to the contrary.   Plaintiff strenuously alleges in his complaint that DEC's determination to commence an enforcement proceeding against him "restrains and violates [the] exercise of his First Amendment rights to freedom of speech and expression," ¶ 64.  However, the evidence will show that even after filing this action, Plaintiff continued to exercise his First Amendment right to criticize DEC's policy of prohibiting motor vehicle use on the Trail, by repeatedly commenting to the media and the public.  Of course, Plaintiff has every right to do so.  Defendants simply believe he should comply with state law prohibiting motor vehicle use on the Trail.

In sum, there are no "extraordinary circumstances" that warrant federal intervention in DEC's administrative enforcement proceeding.

---

enactment.  Helms v Reid, 90 Misc. 2d 583, 604 (Sup. Ct. Hamilton Co. 1977). See Def MOL at 11-13.

[10]In Trainor v Hernandez, 431 U.S. 434, 441-42 & n. 7 (1977), the Supreme Court stated that one aspect of "extraordinary circumstances" is that "there be no state remedy available to meaningfully, timely and adequately remedy the alleged constitutional violation," quoted in Diamond "D", 282 F.3d at 201. This appears to be related to the third prong of the threshold test for abstention under Younger, i.e. that the state proceeding must afford the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.  This legal issue (see footnote 7, supra) is addressed in Def. MOL at 20-22 and Def Reply MOL at 7-9.

**CONCLUSION**

For the foregoing reasons, this Court should find that Plaintiff has failed to establish any of the exceptions to the abstention doctrine that would justify intervention by this Court in the pending DEC enforcement proceeding.

Dated: January 27, 2006
        Albany, New York

Respectfully submitted,

ELIOT SPITZER
Attorney General of the  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

By: _____
     David A. Munro
     Assistant Attorney General
     Bar Roll No. 102968
     (518) 474-8481