UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES W. McCULLEY,

                                        Plaintiff,

        -against-                                              8:05-CV-0811
                                                                (LEK/DRH)
N.Y.S. DEPARTMENT OF
ENVIRONMENTAL CONSERVATION,
*et al.*,

                                        Defendants.

_____

### MEMORANDUM-DECISION AND ORDER[1]

        This case was originally before the Court on Plaintiff James W. McCulley's ("Plaintiff")

Complaint, accompanied by an Order to Show Cause for an emergency motion for an *ex parte*

temporary restraining order, against Defendants New York State Department of Environmental

Conservation ("NYS DEC"), Acting Commissioner of the NYS DEC Denise M. Sheehan,

Commissioner of NYS DEC Erin Crotty, NYS DEC Region 5 Regional Director Stuart Buchanan,

NYS DEC Regional Forrester Thomas D. Martin, Region 5 of the NYS DEC, NYS DEC

Conservation Regional Attorney Christopher Lacombe, NYS DEC Forest Ranger Joseph Lapierre,

and NYS DEC Officers and Employees "John Does '1' through '10'" ("Defendants").  See Dkt.

Nos. 1 & 2.  Defendants subsequently moved to dismiss the Complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6), requesting that this Court abstain from exercising jurisdiction over

Plaintiff's claims and arguing that state administrative proceedings and state court review are the

proper avenues for relief in the first instance.  Defts' Mem. (Dkt. No. 11).

_____

[1] For printed publication by the Federal Reporters.

Oral argument was held on Defendants' motion on Friday, October 7, 2005.  Following that, this Court referred the matter to the Honorable David R. Homer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b), for an evidentiary hearing and the issuance of a Report-Recommendation concerning bad faith and other exceptions to abstention under the Younger and Pullman abstention doctrines.[2]  November 10, 2005 Order (Dkt. No. 21).  Judge Homer held said evidentiary hearing on February 2 and 3, 2006 (see Dkt. Nos. 30, 32-36), and issued a Report-Recommendation and Order filed on April 25, 2006 (Dkt. No. 36).  Objections to Judge Homer's Report-Recommendation were filed by Plaintiff on May 5, 2006.  Plntf's Obj. (Dkt. No. 38).  Defendants filed a Response, within ten days of the date of filing of Plaintiff's Objections (see FED. R. CIV. P. 72(b); Defts' Letter Br. (Dkt. No. 37)), on May 15, 2006.  Defts' Resp. (Dkt. No. 39).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  This Court has considered Plaintiff's Objections and Defendants' Response, has undertaken a *de novo* review of the record, and has determined that Judge Homer's Report-Recommendation should be approved for the reasons stated therein.[3,4]  However, the Court will only adopt the Report-Recommendation in part, in that the

---

[2]  Younger v. Harris, 401 U.S. 37 (1971); R.R. Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941).

[3]  The Court notes several errors in the Report-Recommendation, although none impact on the overall findings and recommendations.  First, Judge Homer's factual recitation of the circumstances surrounding the "backhoe" incident and subsequent telephone call between Ranger LaPierre and Plaintiff on May 21, 2005, is technically incorrect.  Judge Homer credited some of the events to the telephone call when they apparently took place prior to said telephone call.  See Plntf's Obj. (Dkt. No. 38) at 2-4; Hearing Record (Dkt. No. 32) at 159-161.  But, the events and

Court will not dismiss this action upon abstaining, but will, instead, as addressed below, stay the

action pending the outcome of the State proceedings.  See, generally, Berman Enter., Inc. v. Jorling,

3 F.3d 602, 608 (2d Cir. 1993).  Accordingly, this Court adopts the learned Magistrate Judge's

Report-Recommendation in part, only as to Judge Homer's findings concerning the inapplicability

---

conversations did all take place at one time or another.  Thus, although Plaintiff contends that the error is a material one, Plntf's Obj. (Dkt. No. 38) at 2, this Court disagrees.  See also Defs' Resp. (Dkt. No. 39) at 5 n.5.  In addition, Plaintiff contends that the sequence of events is important because the Ranger's call was unwanted and threatening, and Plaintiff drove his vehicle on the road despite the fact that it was something he did not want to do, "because he had spent hundred[s] of hours and about $16,000.00... and he could not simply acquiesce to the DEC's unlawful control over the Road...."  Plntf's Obj. (Dkt. No. 38) at 4.  This Court simply does not accept these arguments. Plaintiff attempts to portray himself as someone entrapped into driving on the Road in question. But, Plaintiff made a choice to do so.  And, furthermore, as just stated, the events and conversations in question did all take place at one time or another.  There was no material error in Judge Homer's overall determination on this point, or in Judge Homer's subsequent recommendations based on this point.

Second, Plaintiff's Specific Objection 11 appears to be correct, in that Judge Homer has incorrectly set forth the physical and geographical location and layout of the Road.  Plntf's Obj. (Dkt. No. 38) at 18-19 (with citations to the Record); Defs' Resp. (Dkt. No. 39) at 4 n.4.  See also Report-Rec. (Dkt. No. 36) at 4.  However, the Court finds that this error is not of such magnitude as to affect Judge Homer's overall findings and recommendations concerning the applicability of exceptions to the Younger and Pullman abstention doctrines.

Third, a pin citation for Diamond "D" Constr. Corp. v. McGowan, is incorrectly provided as 282 F.3d at 189.  Report-Rec. (Dkt. No. 36) at 14.  The correct pin citation is: **282 F.3d at 199.**  As above, this error does not impact upon the substance of Judge Homer's overall findings and recommendations.

[4] This Court further takes issue with Plaintiff's Specific Objection 3.  Plntf's Obj. (Dkt. No. 38) at 8-9.  Plaintiff claims that Judge Homer erred when he concluded that this Court referred the case to Judge Homer only "for an evidentiary hearing 'addressing bad faith and other exceptions to abstention.'"  Report-Rec. (Dkt. No. 36) at 2.  Plaintiff is wrong, and Judge Homer was completely correct in his interpretation of this Court's November 10, 2005 Order.  Although Plaintiff cites select language from this Court's Referral Order, Plaintiff misses other key language: "McCulley has alleged issues of fact with specificity in the Verified Complaint, and has done more than simply rely on conclusory allegations, *thereby requiring an evidentiary hearing as to the fact-based exceptions to abstention....* The Court hereby orders that an *evidentiary hearing be held addressing bad faith and other exceptions to abstention*."  November 10, 2005 Order (Dkt. No. 21) at 2 (emphasis added).

3

of any exceptions to the <u>Younger</u> and <u>Pullman</u> abstention doctrines.

Therefore, after consideration of the submissions from the parties, the oral arguments, the Report-Recommendation of Judge Homer, and the relevant law, it is the judgment of this Court that, although Defendants' motion to dismiss is denied, this Court will abstain from exercising jurisdiction over the claims raised in this matter. The federal claims Plaintiff has raised are intricately related to issues of state law interpretation and determination. Therefore, the State courts and State administrative hearings being the more appropriate fora for this matter, this Federal Court will abstain, and stay the federal claims, until such time as the State proceedings have concluded.

The Court also denies Plaintiff's motion for a temporary restraining order and order to show cause as moot, given the decision of the Court herein.

As the Court will abstain under the <u>Younger</u> and <u>Pullman</u> doctrines, this Memorandum-Decision and Order will not address any of the other contentions by the parties.

## I. Background

The Court must accept Plaintiff's allegations as true for the purposes of deciding Defendants' Rule 12(b)(6) motion. <u>See</u> Discussion, *infra*. Therefore, the following are the facts in this matter, as contained in Plaintiff's Verified Complaint.[5]

Plaintiff is the President of the Lake Placid Snowmobile Club. Verified Complaint (Dkt. No. 1) at ¶ 5. Plaintiff's lawsuit arises out of the contested use of a road in a Forest Preserve area in the Towns of Keene and North Elba, Essex County, New York. <u>Id.</u> The road is known by various names, including "Old Mountain Road", "Old Military Road", and "Jackrabbit Trail" (hereinafter

---

[5] For additional factual background, see Judge Homer's Report-Recommendation and Order (Dkt. No. 36).

"Old Mountain Road" or "Road"), and was established under New York State law in the 1800's. Id. at ¶ 18.

On Thursday, March 20, 2003, Plaintiff operated his motor vehicle (a pick-up truck) on Old Mountain Road, driving it to a parking lot on said Road, and thereafter unloaded and operated his snowmobile on the Road, driving from the Town of North Elba to the Town of Keene. Id. at ¶¶ 33-34. The next day, March 21, 2003, Plaintiff was charged with violation of 6 N.Y.C.R.R. § 196.2 in a simplified Information issued by Defendant Forest Ranger Joseph Lapierre; and the Information was followed by a long-form Information issued by Defendant DEC Regional Attorney Christopher Lacombe. Id. at ¶ 36. The current dispute stems from these initial events.

Defendants contend that Old Mountain Road is abandoned and, as such, motor vehicle use, including use of snowmobiles, is prohibited. Dkt. No. 1, at ¶¶ 16-17. But, according to Plaintiff, Old Mountain Road is still used by a number of individuals from the general public during the summer and winter months, with approximately 300 people using the Road during the summer and approximately 150 during the winter, for, *inter alia*, driving of all terrain vehicles and other vehicles, snowmobiling, snowshoeing, hiking and skiing. Id. at ¶¶ 21-22. Plaintiff has stated that Defendants have knowledge of the specific use of the road for operation of motor vehicles and snowmobiles by individuals other than Plaintiff (Dkt. No. 1), which knowledge Defendants denied at oral argument.

Furthermore, a November 1996 letter from former DEC Regional Forester Tom Wahl to the Adirondack Council (an environmental organization) "acknowledged that the Old Mountain Road is or may be a town road as defined by N.Y.S. Highway Law"; and Defendants have "advised several members of public and private organizations" that the Road is a town road, maintained by either or

5

both of the Towns of North Elba and Keene.  Id. at ¶¶ 19-20.

Defendants also knew that Adirondack Ski Touring Council ("ATSC" - Plaintiff's acronym) members maintained a portion of the Road from Rockin' River in the Town of Keene to the Village of Saranac Lake (in Franklin County), and passing through the Village of Lake Placid in North Elba, County of Essex.  The ATSC and other individuals maintained the Road, with assistance from the Town of Keene, since the 1980's.  Id. at ¶¶ 23-24.

Plaintiff further refutes Defendants' position that the Road is abandoned, and motor vehicle use is not permitted.  Among other things, when ATSC performed work on the Road earth-moving equipment and other vehicles were employed; inmates from a prison work program were employed to assist with the rebuilding of a bridge on the Road; and volunteers, work crews, and a DEC forest ranger have variously worked to remove fallen trees and a boulder, and otherwise perform improvements to the Road, to aid in travel.  Id. at ¶¶ 25-29.

Plaintiff wished to operate snowmobiles on the Road, but Defendants informed him that he could not because the Road was abandoned and not public, and was also in a State Forest Preserve designated as a Wilderness area.  Id. at ¶¶ 30-31.  But, Defendants never required permits, or issued permits, for the use of vehicles on the Road by others, such as the ATSC.  Id. at ¶ 32.

Plaintiff proceeded to operate a snowmobile on the Road, leading to the incidents of March 20 and 21, 2003.  Plaintiff was charged in the Town Court of the Town of Keene, and he argued that the Road was a public road and that he therefore had the right to use the Road for snowmobiling.  Defendants countered by arguing that the Road was in Forest Preserve land - under New York Environmental Law § 9-0101(6) - classified as Wilderness, and was abandoned, all meaning that use of motor vehicles (including snowmobiles) is prohibited.  Id. at ¶¶ 36-38.  On August 25, 2003, the

Town Justice found Plaintiff guilty of violating 6 N.Y.C.R.R. § 196.2.  Plaintiff thereafter appealed

to the County Court, Essex County, which, in a decision by the Honorable Andrew Halloran, Essex

County Court Judge, dated March 23, 2005, reversed the conviction "on the law, on the facts, and in

the interest of justice."  Id. at ¶¶ 39-40.

Judge Halloran found that the Road is not abandoned, is a public highway, and use of

snowmobiles and other vehicles is permitted because § 196 of Title 6 of the N.Y.C.R.R. permits

such use on public highways within Forest Preserves.  Id. at ¶ 41 & Ex. B (People v. McCulley, No.

4528, 2005 WL 756582 (801 N.Y.S.2d 240 (Table)) (N.Y. County Ct. Essex County Mar. 23, 2005)

(Halloran, J.) (unpublished)).

Following the issuance of the County Court decision, several media outlets (newspaper and

radio) covered the story, and Plaintiff granted them interviews.  During said interviews, Plaintiff

expressed opinions about the case, and his disagreement with the views of the Defendants in this

matter (including Plaintiff's view that Defendants are arrogant and abuse their power by insisting on

prohibiting Plaintiff's use of the Road).  Plaintiff claims First Amendment protection for his

statements.  Verified Complaint (Dkt. No. 1) at ¶¶ 42-44.

On May 21, 2005, Defendant Forest Ranger Lapierre, at the direction of superiors at the

DEC, and in response to Plaintiff's statements that were made in the above-referenced interviews

with the media, called Plaintiff on the telephone, asking if Plaintiff intended to operate motor

vehicles on the Road.  Plaintiff interpreted the call as a threat in response to his interview

statements.  Plaintiff replied that he would be operating motor vehicles, and thereafter did operate

his 1998 Chevrolet pickup truck on the Road, in the Towns of North Elba and Keene, on May 22,

7

2005.[6]  Id. at ¶¶ 45-48.

On the same day, May 22, 2005, Defendant Lapierre located Plaintiff on the Road, witnessed

Plaintiff's operation of the motor vehicle, and issued another simplified Information for operation of

a motor vehicle in a Forest Preserve.  The charges were brought in the Town Court for the Town of

North Elba, but the DEC withdrew said charges on June 13, 2005, and commenced an

administrative enforcement proceeding against Plaintiff the next day, June 14, 2005.  The

enforcement proceeding alleged that Plaintiff violated 6 N.Y.C.R.R. § 196.1.  In prosecuting the

enforcement proceeding, DEC seeks to have Mr. McCulley found in violation of § 196.1, and seeks

an Order for Plaintiff to pay a civil penalty of $100 or $500, in the alternative, and that Plaintiff be

prohibited from operation of motor vehicles on the Road in the Forest Preserve.  Id. at ¶¶ 49-54.

To this Court's knowledge, the administrative enforcement proceeding is still pending, and

has been stayed.  Report-Rec. (Dkt. No. 36) at 9.  Mr. McCulley had not responded to the Complaint

in the administrative enforcement proceeding at the time he filed his Verified Complaint in this

Federal action on June 27, 2005, but his time to do so had not expired at that time.  Verified

Complaint (Dkt. No. 1) at ¶ 14.

In his Federal filing, Plaintiff brings the following causes of action: (1) "First Amendment

Violation Restraining Plaintiff's Freedom of Speech"; (2) "Fourteenth Amendment - Denial of

_____

[6] The Court notes that one of Plaintiff's objections to Judge Homer's Report-Recommendation concerned Plaintiff's argument that on May 22, 2005, he had not actually driven his truck on the Road from North Elba into Keene.  Plntf's Obj. (Dkt. No. 38) at 22 (Specific Objection 16).  But, as just mentioned above, Plaintiff states in his Verified Complaint that "[o]n May 22, 2005, plaintiff operated a 1998 white Chevrolet pickup truck on the Old Mountain Road *in the Town of North Elba and in the Town of Keene*."  Verified Complaint (Dkt. No. 1) at ¶ 48 (emphasis added).  Thus, whatever Plaintiff now argues, his objection to Judge Homer's Report-Recommendation on this point is completely groundless according to Plaintiff's own previous statements.

Substantive Due Process"; (3) "Fourteenth Amendment - Denial of Equal Protection Under the

Law"; (4) "Violation of 42 U.S.C. § 1983"; and (5) "Violation of the Constitution of the State of

New York".  See Verified Complaint (Dkt. No. 1) at pp. 14-29.

However, underlying Plaintiff's Federal claims are necessary determinations of whether,

inter alia, the Road is abandoned; the Road is a New York State Highway; the Road is located in a

Forest Preserve designated Wilderness area; and Plaintiff is actually violating laws and regulations

under the N.Y.C.R.R. by his actions on the Road.  Determinations such as those require

interpretation and application of New York State constitutional provisions, statutes, and

administrative regulations - indeed, Plaintiff alleges violation of the New York State Constitution,

see supra.

## II.  Discussion

### A.  Applicable Standards of Law

Federal Rule of Civil Procedure 12(b)(6) concerns motions to dismiss for "failure to state a

claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6) (2005).  When considering a

motion to dismiss pursuant to Rule 12(b)(6), the Court "must accept the allegations contained in the

complaint as true, and draw all reasonable inferences in favor of the non-movant; [and]... should not

dismiss the complaint 'unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief.'"  Sheppard v. Beerman, 18 F.3d 147, 150

(2d Cir. 1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); addressing standard for a

12(c) motion, which is the same as that for 12(b)(6) motion).  See also Chapman v. New York State

Div. for Youth, No. 1:04-CV-867, 2005 WL 2407548 (N.D.N.Y. Sept. 29, 2005) (Hurd, D.J.).  The

"standard is 'applied with particular strictness when the plaintiff complains of a civil rights

9

violation.'" Sheppard, 18 F.3d at 150 (citing Branum v. Clark, 927 F.3d 698, 705 (2d Cir. 1991)).

Furthermore, "'[i]n considering a motion to dismiss... under [F.R.C.P.] 12(b)(6), a district court

must limit itself to facts stated in the complaint *or in documents attached to the complaint as*

*exhibits or incorporated in the complaint by reference.*'" Hudson Highlands Veterinary Med.

Group, P.C. v. Veterinary Equip. & Tech. Supply, Inc., No. 05 Civ. 06661 CM, 2005 WL 2431737,

at *2 (S.D.N.Y. Sept. 30, 2005) (emphasis by the Court) (quoting Kramer v. Time Warner, Inc., 937

F.2d 767, 773 (2d Cir. 1991)). See also Field Day, LLC v. County of Suffolk, No. 04-CV-

2202(DRH)(WDW), 2005 WL 2445788, at *3 (E.D.N.Y. Sept. 30, 2005). "The test is not whether

the plaintiff ultimately is likely to prevail, but whether he is entitled to offer evidence to support his

claims." Hudson Highlands, 2005 WL 2431737, at *2 (citing Chance v. Armstrong, 143 F.3d 698,

701 (2d Cir. 1998)).

  However, Defendants make their motion to dismiss concomitantly with a request that this

Court abstain under the doctrines stemming from the cases of Younger and Pullman. As now-Chief

Judge Mordue, of this District, recently stated, "[u]nder the *Younger* doctrine, it is appropriate for a

federal court to abstain from exercising jurisdiction where the following three factors are present:

(1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the

plaintiff has an avenue open for review of constitutional claims in the state court." Ciszewski v.

State of New York, No. 05-CV-00167(NAM), 2005 WL 1270216, at *4 (N.D.N.Y. May 26, 2005)

(citing Philip Morris, Inc. v. Blumenthal, 123 F.3d 103, 105 (2d Cir.1997)). See also Donangelo,

Inc. v. Town of Northumberland, No. 1L03 CV 934, 2005 WL 681494, at *2 (N.D.N.Y. Mar. 24,

2005) (McCurn, Senior D.J.).

  Pullman abstention is different from Younger abstention, and thus different factors must be

10

considered by the Court when exercising its discretion as to abstention under <u>Pullman</u>.  "Three basic

conditions must be present to trigger *Pullman* abstention: '[(1)] the state statute must be unclear or

the issue of state law uncertain; [(2)] resolution of the federal issue must depend upon the

interpretation given to the ambiguous state provision; and [(3)] the state law must be susceptible of

an interpretation that would avoid or modify the federal constitutional issue.'"  <u>Williams v.

Lambert</u>, 46 F.3d 1275, 1281 (2d Cir. 1995) (citing and quoting <u>United Fence & Guard Rail Corp.

v. Cuomo</u>, 878 F.2d 588, 594 (2d Cir. 1989)).  <u>See also</u> <u>Roe v. City of New York</u>, 232 F. Supp. 2d

240, 251 (S.D.N.Y. 2002) (citing and quoting <u>Planned Parenthood of Dutchess-Ulster, Inc. v.

Steinhaus</u>, 60 F.3d 122, 126 (2d Cir. 1995)).  The Second Circuit has explained that "the concern of

*Pullman* abstention is 'that a federal court will be forced to interpret state law without the benefit of

state-court consideration and therefore under circumstances *where a constitutional determination is

predicated on a reading of the statute that is not binding on state courts and may be discredited at

any time* -- thus essentially rendering the federal-court decision advisory and the litigation

underlying it meaningless.'"  <u>Nicholson v. Scoppetta</u>, 344 F.3d 154, 170 (2d Cir. 2003) (emphasis

by the Court) (citing and quoting <u>Moore v. Sims</u>, 442 U.S. 415, 428 (1979)).

It should be noted, however, that courts have agreed that "'[a]nalysis of the cases which have

considered the issue of abstention indicates that the various abstention doctrines are more distinct in

theory than in actual practice.  They overlap and mix together to form the basis for abstention in

particular cases.  This is especially true in cases challenging in federal court state attempts to

implement local land use policy.'"  <u>Ne. Mines, Inc. v. Town of Smithtown</u>, 584 F. Supp. 112, 113

(E.D.N.Y. 1984) (citing and quoting <u>Kent Island Joint Venture v. Smith</u>, 452 F. Supp. 455, 461 (D.

Md. 1978)).

*B.  Motion to Dismiss Under Rule 12(b)(6)*

Defendants have made their Rule 12(b)(6) motion and request for abstention under <u>Younger</u>

and <u>Pullman</u> concomitantly, and the Court has determined that the proper avenue at this time is for

the Court to evaluate this matter in light of the standards impacting on <u>Younger</u> and <u>Pullman</u>

abstention.  The Court will not address the state law claims or those federal claims that are

intricately intertwined with state law issues, which are more properly determined by the State courts

and State administrative hearing officers.  Although finding that abstention is appropriate, the Court

finds that it is not appropriate to grant Defendants' Rule 12(b)(6) motion to dismiss for failure to

state a claim upon which relief may be granted.  The Court will deny Defendants' Rule 12(b)(6)

motion, and will stay the Federal proceedings until the completion of State proceedings - waiting to

see if resolution of the difficult state law issues resolves or moots the federal claims.  <u>See</u> <u>Berman</u>

<u>Enter., Inc. v. Jorling</u>, 3 F.3d 602, 608 (2d Cir. 1993); <u>Kunz v. New York State Comm'n on Judicial</u>

<u>Conduct</u>, 356 F. Supp. 2d 188, 193 (N.D.N.Y. 2005) (Kahn, D.J.).

*C.  Abstention Under the* Younger *Doctrine*

As is evident from the Background Section, *supra*, this matter revolves around

determinations that must be made concerning state law and policy, use of state/town roads, and both

interpretation and application of, *inter alia*, state highway laws and environmental conservation and

protection laws and regulations.  This decision contemplating abstention is also being considered

prior to "any proceedings of substance on the merits" having taken place in this Court, leaving the

door open for abstention.  <u>See</u> <u>Hawaii Hous. Auth. v. Midkiff</u>, 467 U.S. 229, 237-238 (1984)

(O'Connor, J.).

The United States Supreme Court, in its <u>Younger</u> opinion and elsewhere, has stated that equity and comity influence federal court abstention decisions. "[T]his includes 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" <u>New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans</u>, 491 U.S. 350, 364 (1989) (Scalia, J.) (citing and quoting <u>Younger</u>, 401 U.S. at 43-44).

<u>Younger</u> abstention has been extended by the Supreme Court to apply in civil as well as criminal cases, even extending to proceedings that are not pending in court but are nevertheless "judicial in nature." <u>New Orleans Pub. Serv.</u>, 491 U.S. at 370 (citations omitted); <u>Kunz</u>, 356 F. Supp. 2d at 192-3. Indeed, "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." <u>Middlesex County Ethics Comm. v. Garden State Bar Assoc.</u>, 457 U.S. 423, 432 (1982) (Burger, C.J.) (citing, *inter alia*, <u>Moore v. Sims</u>, 442 U.S. 415, 423 (1979)). However, if a proceeding is not judicial in nature - such as a legislative proceeding - abstention is not appropriate. <u>New Orleans Pub. Serv.</u>, 491 U.S. at 370 (concerning Council's legislative proceedings, including, *inter alia*, utility ratemaking). Furthermore, there are certain narrow exceptions to <u>Younger</u> abstention that exist - such as harassment or bad faith - even if important state interests are involved. <u>See</u> <u>Middlesex County</u>, 457 U.S. at 429 (citing <u>Dombrowski v. Pfister</u>, 380 U.S. 479 (1965)); <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 611 (1975) (Rehnquist, J.) ("Younger... [does] of course allow intervention in those cases where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is 'flagrantly and patently violative of

express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it.'").

Following this Court's review of the submissions, hearing of oral arguments, and consideration of Judge Homer's Report-Recommendation and Order, the Court has determined that, first, important State interests do exist, in that the State of New York has a deep interest in the interpretation and application of its State constitutional provisions, laws, and regulations (such as the Highway and Environmental Conservation laws so intricately woven into the fabric of this case). As Defendants have stated, New York State and NYS DEC also have an interest in "the State's right to protect trails within areas designated as 'wilderness' within the Adirondack Forest Preserve from being used by motor vehicles."  Defts' Mem. Law in Support of Motion to Dismiss ("Defts' Mem.") (Dkt. No. 11) at 21 & n.8.  The Court disagrees with Plaintiff's incorrect assertion that "[t]here is not an important state interest implicated in the DEC administrative enforcement proceeding." Plntf's Mem. of Law in Opposition ("Plntf's Mem.") (Dkt. No. 16) at 9.  Plaintiff tries to characterize the State proceedings as addressing "[n]othing more or less" than whether Plaintiff may operate his pick-up truck on Old Mountain Road under 6 N.Y.C.R.R. § 196.1 and N.Y. ENVTL. CONSERV. LAW § 9-0105.  Id. at 9-10.  Plaintiff fails to understand, however, that in order for that to be determined, a decision must also be reached as to, *inter alia*, the operation of the State Highway and Environmental Conservation laws, and the issue of the constitutionality of certain Highway Law provisions under the New York State Constitution.  These are significant State interests.

Second, the Court, in adopting Judge Homer's thorough findings (Dkt. No. 36), does not find the facts as presented by Plaintiff to suffice for a finding that bad faith, harassment, or other such "extraordinary circumstances" exist in the prosecution of McCulley under the State

14

environmental laws and regulations, such that this Court would be required to reject abstention in this matter.  See, generally, Huffman v. Pursue, 420 U.S. 592 (1975); Cullen v. Fliegner, 18 F.3d 96 (2d Cir. 1994).

Third, this Court can make no further rulings on the matters pending before it, especially the federal constitutional claims, since those rulings would require this Court to first pass judgment on the applicability, constitutionality, and operation of specific state laws and regulations.  If the laws and regulations of the State of New York and the NYS DEC are found to be constitutional and valid, it is possible that Plaintiff's federal claims could fail or be mooted.  Although Plaintiff argues that the Federal claims need not be decided for the State proceedings to be resolved (which may be true), see Plntf's Mem. (Dkt. No. 16) at 15, Plaintiff misses the point that the outcome of the State proceedings must be known before this Court may fully and accurately address the Federal claims that Plaintiff brings.

State proceedings - the administrative hearings, to be followed more than likely by State court appellate review - are currently pending, and provide a forum for the determination of the State law issues that are at the heart of this case.  Although the State administrative proceedings might not provide an avenue for the determination of all of Plaintiff McCulley's constitutional challenges, the subsequent State court appellate review, or Article 78 proceeding, should provide such an opportunity.  In addition, Plaintiff argues that he would be unable to join all of the Defendants he is currently bringing an action against in the administrative or Article 78 proceedings in the State forum, and therefore that should lead this Court to refrain from abstaining.  But, that argument fails on two grounds.  First, if Plaintiff loses in the administrative and court proceedings at the State level, which involve the DEC, Plaintiff may have no claims for constitutional violations by

15

the other Defendants in this action, since their prosecution of him will have been shown to be valid. Second, if Plaintiff should succeed in the State proceedings, or if Plaintiff should wish to bring claims of Federal constitutional violations against Defendants even if he loses in the State proceedings, Plaintiff could still do so in this Court upon completion of State proceedings.

It should be understood that New York State law provides for appeals to the Appellate Divisions and Court of Appeals from decisions of administrative agencies. See e.g. N.Y. C.P.L.R. 5601, 5602, & 5702 (McKinney 2005); N.Y. ENVTL. CONSERV. LAW § 19-0511 (McKinney 2005). Constitutional challenges may usually be raised in State court appellate review from administrative decisions, and it is unusual for such claims not to be heard. See New York State Club Assoc., Inc. v. City of New York, 487 U.S. 1 (1988) (White, J.); Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619 (1986) (Rehnquist, J.); Williams v. Lambert, 46 F.3d 1275 (2d Cir. 1995). In fact, the parties to this action have not presented any specific facts or citations to make this Court believe that the New York State courts would not or could not hear Plaintiff's constitutional claims upon appeal from an administrative decision. Plaintiff should raise his constitutional claims in the administrative proceeding. If the claims cannot be ruled on, that tribunal will say so. But, Plaintiff will have preserved his claims for appeals to the State courts - which likely will be empowered to hear the claims. Both State and Federal judges take an oath to be bound by and uphold the Constitution of the United States. See, generally, Hirschfeld v. City of New York, No. 97 CIV. 6059(MBM), 1997 WL 605115, at *2 (S.D.N.Y. Sept. 30, 1997). See also U.S. CONST. art. VI, cl. 2.

Thus, this Court will not assume that the New York courts are unable to provide Plaintiff with constitutional review of his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14-15 (1987) (Powell, J.) ("the burden [of claiming that the state court cannot hear constitutional claims] rests on

the federal plaintiff to show 'that state procedural law barred presentation of [its] claims.'...[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.") (citations omitted).

In fact, even the presence of a request for money damages does not necessarily require the rejection of abstention by a federal court.  Although some sources believe that the Supreme Court would find <u>Younger</u> abstention to only be applicable in matters of equity (injunctive or declaratory relief), some lower courts are split.  <u>See</u> ERWIN CHEMERINSKY, FEDERAL JURISDICTION §13.3 (3d ed. 1999).  As the Eastern District of Michigan recently held, "the fact that the [Plaintiffs] are also seeking money damages does not mean that abstention is unwarranted.  As explained... this case is really about whether or not Holly Township has adopted a valid ordinance, regardless of the [Plaintiffs'] creative constitutional claims, which is best left to the Michigan courts." <u>Andrews v. Holly Twp.</u>, 216 F. Supp. 2d 678, 687 (E.D. Mich. 2002) (finding that <u>Pullman</u> and <u>Burford</u> abstention was warranted).  The <u>Andrews</u> case is similar to the case currently at bar, and this Court largely agrees with that Court's decision concerning abstention.

The three-factor test for <u>Younger</u> abstention has been satisfied, and no exceptions are applicable.  Thus, this Court will abstain from deciding the issues presented in the case at bar.

### D.  Abstention Under the Pullman Doctrine

It has been determined that abstention is appropriate under the <u>Younger</u> doctrine.  As stated <em>supra</em>, "'[a]nalysis of the cases which have considered the issue of abstention indicates that the various abstention doctrines are more distinct in theory than in actual practice". <u>Ne. Mines</u>, 584 F.

Supp. at 115.  Therefore, the Court will briefly address the related abstention doctrine under

Pullman, but will abstain under Pullman for much the same reasons as under Younger.

        As in the Younger discussion, *supra*, the application of the Pullman Doctrine in this section

of the Court's opinion is affected by the many issues of state law and policy that are intertwined

with any and all federal issues that exist - and which may dispose of Plaintiff McCulley's federal

constitutional claims depending upon the resolution in the State proceedings.  "The 'Pullman'

abstention doctrine... has been held to be appropriate 'in cases presenting a federal constitutional

issue which might be mooted or presented in a different posture by a state court determination of

pertinent state law.'"  Ne. Mines, 584 F. Supp. at 115 (citing and quoting County of Allegheny v.

Frank Mashuda Co., 360 U.S. 185, 189 (1959)).

        Again, the courts have held that for Pullman abstention to apply, "'[(1)] the state statute

must be unclear or the issue of state law uncertain; [(2)] resolution of the federal issue must depend

upon the interpretation given to the ambiguous state provision; and [(3)] the state law must be

susceptible of an interpretation that would avoid or modify the federal constitutional issue.'"

Lambert, 46 F.3d at 1281 (citations omitted).

        As set forth by the Court above, the issues of State law in this case are both uncertain and

unsettled.  For instance, there exists the County Court decision, from an appeal of a criminal

conviction, that purports to pass judgment upon the application and operation of the State Highway

Law and environmental laws and regulations.  However, the parties present viable arguments as to

both the applicability of the County Court decision, and the application of the relevant state law and

regulations.[7]  Furthermore, the Court has determined, as stated elsewhere in this decision, that the

_____

        [7] See, *inter alia*, Defts' Resp. (Dkt. No. 39) at 6-7 & n.7.

Federal issues cannot be resolved until the issues of State law have been settled - and the State administrative hearings and courts are the proper fora for such resolution in the first instance.  And, finally, said resolution could, indeed, avoid or modify the Federal constitutional issues.  For example, Plaintiff's claims of retaliation for exercise of his First Amendment rights might be mooted if the DEC is found to be properly enforcing the environmental laws and regulations in prohibiting Plaintiff's operation of motor vehicles on Old Mountain Road, because absent a finding that the DEC regulation is being incorrectly used for enforcement in this case, Plaintiff would have a much steeper uphill climb to prove that the Defendants are violating his constitutional rights by rightfully prosecuting his violation of State laws and regulations.  The State Highway Law and Environmental Conservation Law sections and regulations could be found to have a limiting construction, such that, *inter alia*, they are or are not applicable to Old Mountain Road, do or do not create Forest Preserve or Wilderness area through which Old Mountain Road passes, and do or do not apply to Plaintiff's activities on the Road.  The possibility of a reasonable limiting construction(s) impacting on the operation and application of the laws and regulations can permit abstention by Federal courts.  See, generally, Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229 (1984).

The State statutes and regulations are, indeed, fairly subject to different interpretations that could impact on the outcome of the Federal constitutional questions, as evidenced by the diametrically opposed arguments of the parties in this case, and the ruling of the County Court.  As such, abstention under Pullman is appropriate in this matter, so that the State agencies and courts may first consider the issues.  See, generally, Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 306 (1979) (White, J.) ("But when the state statute at issue is 'fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question,'...

19

abstention may be required 'in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication'") (internal citations omitted).

Given the stay that this Court will impose, rather than dismissing Plaintiff's claims, see Harrison v. Nat'l Assoc. for the Advancement of Colored People, 360 U.S. 167 (1959) (Harlan, J.), Plaintiff will have the opportunity at a later date to bring any remaining Federal claims that are not addressed in the State proceedings.  The difference will be that the field will have been cleared of the debris of uncertainty, and the State courts will have been permitted the opportunity to rule on the application and enforcement of the State laws and regulations before this Court rules on the Federal constitutional claims that are, in this Court's opinion, intertwined with the operation of the State laws and regulations that will be at issue in the State fora.

And, again, adopting Judge Homer's thorough findings (Dkt. No. 36) as to abstention and the inapplicability of any exceptions thereto, the Court finds Plaintiff has not shown that bad faith, harassment, or other such "extraordinary circumstances" exist in the prosecution of McCulley under the state environmental laws and regulations, such that this Court would be required to reject abstention in this matter.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Judge Homer's Report-Recommendation (Dkt. No. 36) is **APPROVED** and **ADOPTED IN PART**, only as to Judge Homer's findings concerning Younger and Pullman abstention and the inapplicability of any exceptions thereto, but is **NOT ADOPTED IN PART** as to Judge Homer's recommendation that Defendants' Motion to dismiss be granted; and it is further

**ORDERED**, that Defendants' Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED**, that this Court hereby **ABSTAINS** under the **Younger and Pullman Doctrines** from determining the issues presented by Plaintiff's claims, and **STAYS** Plaintiff's Federal claims until such time as the State administrative proceedings and State court proceedings and appeals are completed; and it is further

**ORDERED**, that Plaintiff's Motion for a temporary restraining order and order to show cause (Dkt. No. 2) are **DENIED AS MOOT**, given the current decision of the Court; and it is further

**ORDERED**, that Plaintiff inform this Court of the **final resolution** of the State administrative and court proceedings within **THIRTY (30) DAYS** of such final resolution thereof; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.


DATED:      May 17, 2006
            Albany, New York

            Lawrence E. Kahn
            U.S. District Judge